UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
In the Matter of M.T. and K.T.           )
                                         )
ROMAN TERESHCHENKO,                      )
                                         )
               Petitioner,             )
                                         )
vs.                                      )   No. 23-cv-2006
                                         )
YASAMIN KARIMI                           )
                                         )
               Respondent.             )
_____)

### PETITION FOR RETURN OF THE CHILDREN TO PETITIONER

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 et seq.**

### I. Preamble

1.    This Petition is brought by Roman Tereshchenko ("Mr. Tereshchenko," "Petitioner," or "Father"), to secure the return of his Children, M.T. and K.T. (the "Children"), who are six and five years old, respectively. Without Petitioner's consent or acquiescence, the Child's mother, Respondent, Yasamin Karimi ("Ms. Karimi," "Respondent," or "Mother") wrongfully removed and retained the Children from Ukraine to the Southern District of New York .

2.    This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act (hereinafter "ICARA") 22 U.S.C. § 9001 *et seq*. The Convention came into effect in the United States on July 1, 1988 and was also

---

[1]    T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10493 (1986), a copy of which is attached hereto as Exhibit A.

ratified between the United States and Ukraine on September 1, 2007. A copy of the Hague Convention and ICARA are annexed hereto as **Exhibit A** and **B,** respectively.

3. The Convention is a treaty between sovereign states, and theretofore entitled to the same weight and deference as the Constitution of the United States.

4. The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully removed in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.

5. The Hague Convention applies to cases in which one parent wrongfully removes or retains her or his child, who is under the age of sixteen (16) years, from the child's "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the child. Hague Convention, Art. 3.

6. Petitioner respectfully requests that pursuant to Articles 1(a) and 12 of the Convention, this Court order that the subject Children be returned to Petitioner.

## II. Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

8. Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because: (i) upon information and belief, the Children and Respondent are residing in the borough of Manhattan, in the Southern District of New York; and (ii) this case involves the removal and retention of children under the age of sixteen from their habitual residence of Ukraine in the United States of America.

## III. History of the Case and Status of Petitioner and Child

9. The parties were married on April 22, 2017 in Odesa, Ukraine.

10. The parties share two (2) Children of the marriage: M.T., born in 2016 in Kyiv, Ukraine, and K.T., born in 2017 in Hollywood, Florida. The parties and the Children are Ukrainian citizens.

11. On or about November 16, 2018, the parties' marriage was dissolved by the Dnipro district court of the city of Kyiv, Ukraine.

12. On or about May 29, 2019, the parties executed an agreement concerning their respective custody rights of the subject Children. Pursuant to the agreement, the parties agreed that the Children would reside with Respondent in Odesa, Ukraine. However, although the Children would reside with Respondent, said arrangement "cannot be considered an obstacle to the father's realization of the rights and responsibilities of upbringing and maintenance of children." The agreement also provides for the restrictions of travel abroad, requiring "notarized consent" for the Children to travel abroad among other requirements. A copy of the custody agreement is annexed hereto as **Exhibit C**.

13. Around the time of executing the agreement, Respondent began engaging in a pattern of prioritizing her own life over that of the Children, constantly traveling abroad and leaving the Children in the care of surrogates. On several occasions, Petitioner needed to pick up the Children from Respondent's residence to protect them and care for their needs. Petitioner filed several complaints with Ukrainian authorities regarding Respondent's conduct and neglect of the Children.

14. In November 2020, Petitioner filed a custody case before the Primorsky District Court of Odesa seeking to establish the Children's physical residence with him because of Respondent's continuous neglect.

15. In April 2021, upon information and belief, Respondent once again left Ukraine for the United Kingdom before ultimately traveling to the United States where she stayed until November 2021. The Children were cared for by Petitioner during this time.

16.     Throughout their childhood and during this time, both Children attended school in Odesa and received medical treatment, which was especially important for M.T., who required consistent medical supervision as a result of underlying health conditions.  M.T.'s health providers were all located in or around Odesa.  The Children were also cared for by Petitioner's mother, their grandmother, demonstrating strong familial ties in Ukraine.

17.     After several investigations by local authorities, on or about October 11, 2021 the Guardianship Body of the Primorsky District Administration of the Odesa City Council, determined that the Children reside with Petitioner.  A copy of the decision is annexed hereto as **Exhibit D.**

18.     In or around November 2021, Respondent returned to Ukraine.  She took the Children for a visit on November 22, 2021.  She did not return the Children on the evening of November 22, 2021, but promised to return the Children the following day, on November 23, 2021.  She did not do so.  Since then, Petitioner has had no access to his Children, he has been provided no information regarding their whereabouts, the Children were also removed from their school by Respondent and stopped receiving medical care from their usual providers.

19.     On February 25, 2022, Respondent contacted Petitioner by telephone asking him for the Children's travel documents in order to take them out of Ukraine.  Petitioner provided Respondent with the travel documents under the express condition that she bring the Children to Dubai, United Arab Emirates, where he was physically present.  After receiving the Children's travel documents, Respondent ceased all communication with Petitioner and did not comply with the terms of the travel agreement.

20.     Upon information and belief, Respondent left Ukraine with the Children sometime between March and April 2022 with the Children.  Upon information and belief, she entered Ukraine on or around April 9, 2022, before departing again on April 19, 2022.  She applied for a new passport

for M.T. on April 18, 2022, but did not pick it up. It is unknown whether the Children were with her in Ukraine during this period in April 2022.

21. Upon information and belief, Respondent was in Madrid, Spain in or around July 2022 before traveling to Turkey and/or Miami, Florida in the following months before ultimately arriving in New York.

22. Petitioner is concerned over the Children's wellbeing because of Respondent's history of neglect towards their care as well as the need for consistent medical treatment. Yellow notices have been issued by INTERPOL to locate both Children. Upon information and belief, the Children are located in Manhattan.

23. Petitioner has never consented to the Children living in the United States. The Children's lives were in Ukraine before Respondent abducted the Children.

24. Petitioner has rights of custody to the Children in Ukraine as fully set forth below, and he had those same rights of custody when Respondent wrongfully removed and retained the Children from their habitual residence of Ukraine in or around March or April 2022.

### IV. Wrongful Removal and Retention of Children by Respondent: Claim for Relief Under the Hague Convention

25. A removal or retention of a child is wrongful under Article 3 of the Hague Convention if: (a) the removal of retention is in breach of custody rights attributed to a person, institution, or other body, either jointly or alone, under the law of the state in which the child was habitually resident immediately before the removal or retention; and (b) at the time of the removal or retention, those custody rights were actually exercised, or would have been exercised, but for the removal or retention of the child. *See* Hague Convention, Arts. 3 and 5.

26. The Child's country of "habitual residence," as defined in Article 3 of the Hague Convention, is Ukraine, which is where the Child habitually resided prior to the wrongful removal and retention to the United States on or about March or April 2022.

27. Petitioner has rights of custody of the Children within the meaning of Articles 3 and 5 of the Convention.

28. "Custody rights" under the Hague Convention are defined to include "rights relating to the care of the person of the child, and in particular, the right to determine the child's place of residence." *See* Hague Convention, Art. 5(a).

29. "Custody rights" "may arise by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State." *See* Hague Convention, Art. 3.

30. At the time of Respondent's wrongful removal and retention of the Child from Ukraine, the Petitioner had and continues to have rights of custody under Ukrainian law, such that the removal of the Children from Ukraine is in violation of Ukrainian law and is a wrongful removal and retention within the meaning of Articles 3 and 5 of the Hague Convention.

31. A copy of Chapter Ill, entitled "Rights and Obligations of the Mother, Father and Child" of Ukraine law, and specifically, Chapter 12, Article 125, as well as Chapter 13, Articles 141, 160, and 161 along with the certified English translations are attached hereto as **Exhibit E.** Specifically, Respondent's removal and retention of the Children is in violation of Petitioner's rights as a physical custodian to determine the Children's place of residence. *See* Hague Convention, Article 5(a) (defining rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence.")

32. Moreover, the parties' agreement and subsequent ruling by the Guardianship Body of the Primorsky Administration of Odesa City Council clearly state that Ukraine is the place of residence of the Children.

33. Notice is given in this pleading that the Petitioner is relying upon foreign law. Fed.R.Civ.P. 44.1.

34. At the time of the Respondent's wrongful removal and retention of the Children, the Petitioner was "actually exercising" custody rights within the meaning of Articles 3 and 5 of the Convention, as he is the father of the Children and has exercised custody rights over the Children since they were born, including being their primary caretaker in the past couple of years. The October 11, 2021 determination by the Guardianship Body of the Primorsky District Administration of the Odesa City Council provides further evidence.

35. The other criteria for application of the Hague Convention are also met. The subject Children were born in 2016 and 2017, now age six (6) and five (5), respectively, and will be sixteen (16) years of age in 2032 and 2033, respectively. The Hague Convention applies to children under sixteen (16) years of age and thus applies to these Children. At the time immediately before the wrongful removal of the Children from Ukraine, the Children habitually resided in Ukraine within the meaning of Article 3 of the Convention. The Children only resided in Ukraine since their births. Petitioner has never consented or acquiesced to Respondent's wrongful removal and/or retention of the Children.

36. Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the Child or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with the Child.

37. Following the abduction by the Respondent from Ukraine to the United States, upon information and belief, the Children are currently being illegally held in custody, confinement and/or restraint by the Respondent in the Southern District of New York.

38. Petitioner invokes Article 18 of the Convention, which grants this Court plenary power to order the Children's return at any time.

39. In accordance with the Article 18 equitable return factors set forth in Justice Alito's concurring opinion in *Lozano v. Montoya Alvarez*, 134 S.Ct. 1224 (2014), the Father requests that this Court exercise its equitable discretion to return the Children to Ukraine under Article 18 even if the Mother establishes one of the Convention's five narrow discretionary exceptions to return under the Convention.

40. The Children have an interest in returning to Petitioner and a strong need for regular contact with their Father, who was exercising rights of custody at the time the Children were removed and retained from Ukraine. The Father has an interest in exercising his rights of custody.

41. The Governments of Ukraine and the United States both have an interest in discouraging inequitable conduct and deterring international child abductions.

## V. Provisional Remedies

42. The Father requests that the Court issue a Show Cause Order forthwith ordering the appearance of the Mother before this Court on the first available date on the Court's calendar, and immediately take into safe-keeping all of the Children's passports.

43. The Father further requests that this Court order, as a part of the Show Cause Order, a provision prohibiting either party from removing the Children from the jurisdiction of this Court during the pendency of the proceedings in this Court, and issuing a Scheduling Order setting an expedited hearing on the Verified Petition for Return of the Children to Petitioner.

## VI. Attorney's Fees and Costs

44. To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful removal of the Children by Respondent.

45. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007.

46. Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

## VII. Notice of Hearing

47. Pursuant to 22 U.S.C. § 9003(c), Respondent will be given notice of any hearing pursuant to New York Civil Practice Laws and Rules and any other applicable law.

## VIII. Relief Requested

**WHERETOFORE**, it is respectfully requested that the following relief be granted:

a. Set an expedited hearing on the Petition and communicate that hearing date and time to petitioner so that petitioner may provide notice of these proceedings and the hearing pursuant to ICARA Section 9003(c);

b. Issue an order that Respondent surrender any and all of her passports and all of the passports of the Children;

c. Issue an order following the hearing, directing that the Children shall be returned to Petitioner, pursuant to Article 12 of the Convention;

d. Enter an order prohibiting the removal of the Children from the jurisdiction of this Court pending a hearing on the merits of the Verified Petition, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of this case;

e. Issue an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the Children's wrongful removal and retention pursuant to 22 U.S.C. § 9007; and

f. Any such further relief as justice and its cause may require.

Respectfully submitted,

By: *Richard Min*
Richard Min
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170
(212) 681-6400 (t)
(212) 681-6999 (f)

*ATTORNEYS FOR PETITIONER*

## VERIFICATION

I, Roman Tereshchenko, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that I am the petitioner in the within action and have read the foregoing Petition and know the contents of the foregoing Petition are true, to the best of my knowledge, except as to those matters alleged upon information and belief.

Dated: March 8, 2023

_____
Roman Tereshchenko