```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
ROMAN TERESHCHENKO,                       :
                                          :       23cv2006 (DLC)
                         Petitioner,      :
                                          :    MEMORANDUM OPINION
                -v-                       :         AND ORDER
                                          :
YASAMIN KARIMI,                           :
                                          :
                         Respondent.      :
                                          :
-----------------------------------------X
```

APPEARANCES:

For Petitioner:
Richard Min
Michael Banuchis
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue
Suite 2821
New York, NY 10170

For Respondent:
Valentina Shaknes
Justine Stringer
Krauss Shaknes Tallentire & Messeri LLP
350 Fifth Avenue
Suite 7620
New York, NY 10118

DENISE COTE, District Judge:

Yasamin Karimi ("Karimi" or "Respondent") and her children fled Ukraine in early 2022, following Russia's invasion. The children's father, Roman Tereshchenko ("Tereshchenko" or "Petitioner"), petitions the Court pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89

("Hague Convention" or "Convention"), as implemented by the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 et seq. ("ICARA"), for the return of his two minor children. Respondent moves to dismiss the petition pursuant to Rule 12(b)(1), Fed. R. Civ. P., on the ground that this Court lacks subject matter jurisdiction.  Respondent's motion is denied.

## Background

The following facts are undisputed.  Tereshchenko and Karimi, both Ukrainian citizens, were married on April 22, 2017 in Odessa, Ukraine.  The parties share two minor children, K.T. and M.T (the "Children").

On November 16, 2018, the parties divorced.  On May 29, 2019, Tereshchenko and Karimi executed an agreement concerning their respective custody rights (the "Custody Agreement"). Under the Custody Agreement, the Children were to reside with Respondent in Odessa, and Petitioner maintains certain visitation rights.  There are ongoing custody proceedings in Ukraine, where Tereshchenko and Karimi are both seeking to modify provisions of the Custody Agreement.

On February 24, 2022, Russia invaded Ukraine.  In early March, Karimi fled Ukraine with the Children.  In July, Karimi and the Children ultimately made their way to the United States where they were granted humanitarian parolee status.  Karimi and

the Children have remained in the United States since July 2022. Tereshchenko has been residing in France since May 2022, where he asserts he has established a primary residence.

On March 8, 2023, Tereshchenko filed the instant petition asserting that Karimi wrongfully removed the Children from Ukraine. Tereshchenko seeks the Children's return to him in France. The parties have been sent to mediation, but have failed to resolve this matter.

## Discussion

Respondent moves to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1), which requires the Court to dismiss an action for lack of subject matter jurisdiction if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When a Rule 12(b)(1) motion is made solely based on the allegations in the pleading, the "task of the district court is to determine whether the [p]leading alleges facts that affirmatively and plausibly suggest" that subject-matter jurisdiction exists. Carter v. HealthPort Tech., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted). Courts must be careful, however, not to conflate "federal-court 'subject-matter' jurisdiction over a controversy[] and the essential ingredients of a federal claim for relief." Green v.

Dep't of Educ. of N.Y., 16 F.4th 1070, 1076 (2d Cir. 2021) (citation omitted). To resolve whether an issue goes to the merits or to subject matter jurisdiction, the Court must look to the language of the statute to determine whether Congress intended "that a threshold limitation on a statute's scope shall count as jurisdictional." Arbaugh v. Y&H Corp., 546 U.S. 500, 515 (2006).

Karimi conflates jurisdiction with the merits of Tereshchenko's petition for the Children's return. ICARA confers "concurrent original jurisdiction of actions arising under the Convention" on "[t]he courts of the States and the United States district courts." 22 U.S.C. § 9003(a). A petition for return of a child is properly heard by "any court which has jurisdiction . . . in the place where the child is located at the time the petition is filed." Id. § 9003(b). The Children were residing within this district at the time the petition was filed, and thus § 9003 confers subject matter jurisdiction upon this Court.

Karimi makes four arguments in support of her assertion that this Court lacks subject matter jurisdiction over the petition. Three of those contentions relate to an element of proof required either of Petitioner who seeks the Children's

4

return or of the Respondent who opposes that return.[1] Those contentions do not, however, relate to the Court's power to adjudicate the merits. The fourth argument -- that Petitioner may not seek the return of the Children to France, a state other than their habitual state of residence -- is similarly unavailing. That question concerns potential remedies available under the Hague Convention. It has no bearing on whether this Court has subject matter jurisdiction over the petition.

## Conclusion

Respondent's June 20, 2023 motion to dismiss is denied. A scheduling order accompanies this Opinion.

Dated:   New York, New York
         December 6, 2023

                                   _____
                                           DENISE COTE
                                   United States District Judge

---

[1] Those three contentions are:
   1. The Children were not 'wrongfully removed' from Ukraine, see Hague Convention, art. 13a;
   2. The Children would be in grave risk of physical or psychological harm if returned to Ukraine, see Hague Convention, art. 13b;
   3. The return of the Children would not be permitted by the fundamental principles of the United States relating to the protection of human rights and fundamental freedoms, see Hague Convention, art. 20.

5