# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

kking@maglaw.com
212-880-9403

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

January 16, 2024

*[Handwritten note: Any response to this application for a stay is due 1/17/24. /s/ Denise Cote 1/16/24]*

**Via ECF**
Hon. Denise L. Cote
United States District Court
500 Pearl Street, Room 1910
New York, NY 10007

Re:   *Tereshchenko v. Karimi* (23-cv-2006)

    We have been engaged by Respondent Yasamin Karimi to appeal this Court's January 8, 2024 Decision and Order (the "Order"). We respectfully request that the Court stay proceedings to permit Ms. Karimi to exercise her right to appellate review. Ms. Karimi will seek an expedited appeal, which is customarily granted in Hague cases. We expect briefing to be completed before end of February.[1] We have met and conferred with counsel for Petitioner, who opposes a stay.

    With due respect to your Honor's decision, there are unique circumstances and novel issues of law that warrant appellate review prior to uprooting two young children in the middle of their school year. The dire consequences of a legal error are enormous, and multiple courts have recognized that, as a practical matter, "a re-return order may not result in the return of [the children] to the United States." *Chafin v. Chafin*, 568 U.S. 165, 176 (2013); *Karpenko v. Leendertz*, No. Civ.A. 09-03207, 2010 WL 996465, at *3 (E.D. Pa. Mar. 15, 2010) (granting stay based upon risk that re-return order may be disregarded).

    Four factors are relevant to a stay application: (1) likelihood of success on the merits;[2] (2) irreparable harm to the applicant absent a stay; (3) whether the stay will substantially injure

---

[1] The parties are in the process of working out a stipulated schedule. Ms. Karimi has committed to filing her opening brief on January 31.

[2] This factor has been referred to as a "substantial case on the merits," requiring only that the movant advances "legal arguments that, if the reviewing court accepts, could be dispositive." *Basic v. Steck*, No. 5:12-CV-274, 2015 WL 4877855, at *1–2 (E.D. Ky. Aug. 12, 2015); *see Hofmann v. Sender*, 12-CV-8104, 2012 WL 8466673, at *1 (S.D.N.Y. Dec. 20, 2012) (granting stay of return order and noting that a district court is unlikely to find "that a respondent who has literally just lost is nonetheless more likely than not to succeed on the merits on appeal[]").

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

interested parties; and (4) the public interest. *See Chafin*, 568 U.S. at 179. Here, the factors weigh heavily in favor of a stay.

On the merits, Ms. Karimi's petition presents serious questions of law that require review, including (1) whether this action was brought more than one year after removal, and if so, whether the well-settled defense was adequately considered, (2) whether the Hague Convention permits a child to be sent to a country other than the country of habitual residence, and if so, under what circumstances, (3) whether a U.S. district court has jurisdiction to determine the travel rights of a parent, particularly when custody proceedings are ongoing and being actively litigated, and (4) what minimum procedural process is required in Hague proceedings, and whether that was provided to Ms. Karimi. *See Taglieri v. Monasky*, 2016 WL 10950694, at *3 (N.D. Oh. Oct. 28, 2016) (return order stayed pending appeal); Emergency Stay Order at 3, *Madrigal v. Tellez*, No. 3:15-cv-181 (W.D. Tex. Sept. 16, 2015), ECF No. 111 (same).

With respect to injury to the parties in the case, there can be no question that Ms. Karimi and her children face irreparable injury absent a stay. Ms. Karimi and her children are in the United States pursuant to the Uniting for Ukraine initiative. Upon departure, parole status under that program will be terminated, and while K.T. has U.S. citizenship, M.T. does not and would not be able to return. Moreover, the children have a stable life in New York, are in the middle of their school year, and are enrolled in extracurricular activities. M.T. is also receiving ongoing medical care that should not be unnecessarily disrupted. *Radu v. Shon*, 2020 WL 6741538, at *2 (D. Ariz. Nov. 17, 2020) (disrupting stable living situation and school year constituted irreparable harm). Uprooting the children is particularly damaging here because they would be sent to a foreign country where they have never lived, where they do not speak the language, where neither parent has roots, where no custody order is in place, and where there is no custody jurisdiction.[3] In contrast, the status quo does not inflict significant damage on Petitioner. He will continue to be able to visit his children in the United States during the pendency of the appeal, and he had a regular practice of absence from the children in the past.

Finally, the public interest also weighs in favor of a stay because appellate review of novel legal issues regarding application of the Hague Convention helps to ensure consistent and accurate interpretation of the Convention.

For the above reasons, we respectfully request that this Court enter judgment (so that Ms. Karimi can commence her appeal) but stay further proceedings pending resolution of an expedited appeal to the Second Circuit. In the alternative, we ask the Court to enter judgment and postpone further action while Ms. Karimi makes a stay application to the Second Circuit.

Respectfully submitted,
/s/ Karen R. King
Karen R. King

---

[3] Indeed, Petitioner has strong ties to Dubai and expressed a desire to have his children there. However, the United Arab Emirates is not a signatory to the Hague Convention and there is nothing enforceable in place to prevent Petitioner from taking the children out of France and keeping them in Dubai.