```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
ROMAN TERESHCHENKO,                    :
                                       :     23cv2006 (DLC)
                    Petitioner,        :
                                       :         OPINION
            -v-                        :        AND ORDER
                                       :
YASAMIN KARIMI,                        :
                                       :
                    Respondent.        :
                                       :
-------------------------------------- X
```

APPEARANCES:

For the petitioner, Roman Tereshchenko:
Richard Min
Michael Banuchis
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170

Daniel Lipschutz
Aronson Mayefsky & Sloan, LLP
12 E. 49th Street, 32nd Floor
New York, NY 10017

For the respondent, Yasamin Karimi:
Karen R. King
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017

DENISE COTE, District Judge:

Petitioner, Roman Tereshchenko ("Tereshchenko"), brought this action against respondent, Yasamin Karimi ("Karimi"), for the return of his children, M.T. and K.T., under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89

("Hague Convention"). Tereshchenko moves for attorneys' fees and costs pursuant to Article 26 of the Hague Convention ("Article 26") and 22 U.S.C. § 9007(b)(3). For the following reasons, the petitioner's motion for fees is granted.

## Background

Tereshchenko filed this action on March 8, 2023, under the Hague Convention, as implemented by the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 et seq ("ICARA"). On December 6, this Court denied the respondent's motion to dismiss the petition for lack of subject matter jurisdiction.

On January 8, 2024, following an evidentiary hearing, this Court granted Tereshchenko's petition. Tereshchenko v. Karimi, No. 23cv2006 (DLC), 2024 WL 80427 (S.D.N.Y. Jan. 8, 2024). On January 18, the respondent filed an appeal from this Court's Opinion and Order of January 8.

On March 24, Tereshchenko moved for reimbursement of his attorneys' fees and the costs paid by his attorneys on his behalf. Karimi filed her opposition to the motion on April 8. Tereshchenko's motion became fully submitted on April 15. Tereshchenko seeks reimbursement in the amount of $406,486.92.

On May 16, 2024, the Second Circuit Court of Appeals affirmed the Court's January 8 Order granting Tereshchenko's petition. Tereshchenko v. Karimi, 102 F.4th 111, 2024 WL 2202151 (2d Cir. May 16, 2024). The Court of Appeals required,

2

however, that the Court's Order be tailored in recognition of the Ukrainian courts' authority over an ultimate custody determination. The mandate issued on July 8, 2024. In an Order of July 9, the Court directed the petitioner to make M.T. and K.T., who are to reside with him in France, available for Ukrainian custody proceedings. The July 9 Order further directs the parties to comply with the final custody determination of the Ukrainian courts.

## Discussion

The petitioner brings his motion for attorneys' fees pursuant to Article 26 of the Hague Convention and § 9007 of ICARA. Article 26 provides that

> <u>upon ordering the return of a child</u> or issuing an order concerning rights of access under this Convention, <u>the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child</u>, or who prevented the exercise of rights of access, <u>to pay necessary expenses incurred by or on behalf of the applicant</u>, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.

Hague Convention, Art. 26 (emphasis supplied). Section 9007 of ICARA states that

> <u>any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner</u>, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3) (emphasis supplied).

"[A] prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court." Ozaltin v. Ozaltin, 708 F.3d 355, 375 (2d Cir. 2013). Courts apply the "lodestar method" to determine the appropriate value of attorneys' fees and costs. Fresno Cnty. Emp. Ret. Assoc. v. Isaacson/Weaver Family Trust, 925 F.3d 63, 67 (2d Cir. 2019). The lodestar figure is calculated "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." H.C. v. New York City Dep't. of Educ., 71 F.4th 120, 126 (2d Cir. 2023) (citation omitted).

I. Reasonable Hourly Rate

The petitioner seeks an award of "reasonable hourly rates" for his attorneys. The "reasonable hourly rate" is "the rate a paying client would be willing to pay after considering all pertinent factors, including the Johnson[1] factors." Id.

---

[1] The Johnson factors, derived from Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), are: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he skill requisite to perform the legal service properly"; "[t]he preclusion of other employment by the attorney due to acceptance of the case"; "[t]he customary fee"; "[w]hether the fee is fixed or contingent"; "[t]ime limits imposed by the client or the circumstances"; "[t]he amount involved and the results obtained"; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be "pleasantly received by the community" or the

4

(citation omitted).  In its determination of the "reasonable hourly rate", a court may consider the market rate for representation.  Id.  A court may look to recent cases in its district to "determine the prevailing market rate" for attorneys in the New York area who are experienced in the relevant law.  Id. (citation omitted).

The petitioner presents affidavits to describe the relevant experience and qualifications of each attorney engaged in his representation.  Mr. Richard Min is a partner with 16 years of experience, which includes litigating over 50 Hague Convention cases.  Mr. Min has also handled several Hague Convention cases at the appeals stage and argued one case before the Supreme Court of the United States.  Daniel Lipschutz is a partner with 15 years of experience in matrimonial and family law.  Michael Banuchis is a partner with 14 years of experience, which includes litigating at least 19 Hague Convention cases.  Samantha Jacobson is an associate with five years of experience and has worked on 10 Hague Convention cases.

The petitioner proposes the following rates for the compensation of his attorneys: $650 for Richard Min and Daniel Lipschutz, $550 for Michael Banuchis, and $400 for Samantha

---

attorney's contemporaries; "[t]he nature and length of the professional relationship with the client"; and "[a]wards in similar cases."  Id. at 717-19.

Jacobson.  These rates exceed the prevailing rates for Hague Convention cases in the Southern District of New York.

Courts in the Southern District of New York have not awarded more than $425 per hour to attorneys in Hague Convention cases.  In 2022, one court found that a rate of $425 per hour was appropriate for Mr. Min's representation in a Hague Convention Case.  Webster-Colquhoun v. Colquhoun, No. 21-cv-7101 (KWK), 2022 WL 2866470, at *5 (S.D.N.Y. July 21, 2022).  In the same case, the court found that $325 per hour was appropriate for Mr. Banuchis's representation and $200 per hour was appropriate for Ms. Jacobson's representation.  Id. at *6.  In 2021, another court found a rate of $425 per hour was appropriate for an attorney who had been practicing for over 40 years and had handled hundreds of international child abduction and Hague Convention cases.  Grano v. Martin, No. 19-cv-6970 (CS), 2021 WL 3500164, at *3 (S.D.N.Y. Aug. 9, 2021).  The court also found that a rate of $400 per hour was appropriate for an attorney who had been practicing for 40 years but had very limited experience with Hague Convention cases.  Id.  Finally, in 2020, a third court found that a rate of $425 per hour was appropriate for an attorney who had 30 years of experience litigating Hague Convention cases.  Nissim v. Kirsh, No. 1:18-cv-11520 (ALC), 2020 WL 3496988, at *3 (S.D.N.Y. June 29, 2020).

See also Duran-Peralta v. Luna, No. 16cv7939 (JSR), 2018 WL 1801297 at *2 (S.D.N.Y. Apr. 2, 2018) (collecting cases).

A rate of $425 per hour for Mr. Min is reasonable in this case. While Mr. Min has considerable experience in Hague Convention cases, his experience does not support awarding the heightened rates requested here. A rate of $400 per hour is reasonable for Mr. Lipschutz. Finally, based on their experience, awards of $325 per hour for Mr. Banuchis and $200 per hour for Ms. Jacobson are appropriate. Consideration of the Johnson factors does not alter these rates.

The petitioner also seeks an award for the few hours billed by another associate and two paralegals on this case. A billing rate of $200 per hour is appropriate for the second associate. Furthermore, a rate of $129 per hour is reasonable for a paralegal. See Grano, 2021 WL 3500164, at *4 ($129); Sanguineti v. Boqvist, No. 15cv3159 (PKC), 2016 WL 1466552, at *4 (S.D.N.Y. Apr. 14, 2016) ($129). The rate of $129 per hour is appropriate for both paralegals in this case.

II. Reasonable Hours

The petitioner asserts that the number of hours billed by his counsel during the course of this litigation was reasonable, as the time and labor required was substantial. In determining a reasonable number of hours spent on a case, a court may exclude "documented hours that are excessive, redundant, or

7

otherwise unnecessary." Raja v. Burns, 43 F.4th 80, 87 (2d Cir. 2022) (citation omitted). A court may "decrease the total award from the claimed amount because of vagueness, inconsistencies, and other deficiencies in the billing records." Id. (citation omitted). The court may also "apply an across-the-board reduction to account for time spent on clerical tasks." Id. (citation omitted).

The petitioner proposes a reasonable number of hours billed by his attorneys and paralegals for their work on this case. Petitioner's counsel spent over two months from the filing of Tereshchenko's petition attempting to properly serve the respondent due to her efforts to evade service. Counsel briefed a response to the respondent's motion to dismiss the petition and argued his position in court in June 2023. Counsel also prepared for an evidentiary hearing to be held in June 2023, although the hearing was ultimately rescheduled. Tereshchenko's counsel also engaged in extensive efforts to resolve this dispute, which proved futile. Finally, counsel prepared for and participated in a January 2024 evidentiary hearing, as well as the subsequent appeals process initiated by the respondent after the January hearing. Their total proposed number of hours, 658.53, spread across three partners, two associates, and two paralegals, is reasonable for the amount of labor spent litigating this case.

The respondent argues that the hours proposed by the petitioner are unreasonable because they are excessive and redundant. She further argues that there is no justification for the staffing of three partners on this case. The billing records provided by the petitioner do not reflect excessive or repetitive charges. Furthermore, the respondent acknowledges that this case presented complex and novel legal issues. It is, therefore, reasonable for the petitioner to have hired several attorneys with substantial experience in Hague Convention cases and family law, each of whom spent an appropriate number of hours on this case.

### III. Appropriateness of Award

The respondent argues that a substantial award to the petitioner is inappropriate. Section 9007 "shifts the burden onto a losing respondent in a return action to show why an award of necessary expenses would be clearly inappropriate." Ozaltin, 708 F.3d at 375 (citing § 9007(b)(3)). When determining whether expenses are "clearly inappropriate," a court may consider "the degree to which the petitioner bears responsibility for the circumstances giving rise to the fees and costs associated with a petition." Souratgar v. Lee Jen Fair, 818 F.3d 72, 79 (2d Cir. 2016). "[A] respondent's inability to pay an award is a relevant equitable factor for courts to consider in awarding expenses under ICARA." Id. at 81.

The amount awarded to the petitioner for his attorneys' fees and costs is not clearly inappropriate. In this case, the respondent, not the petitioner, bears responsibility for the length of this case and the resulting hours spent by Tereshchenko's legal team. Karimi evaded service for over two months, refused to abide by the decision of the District Court of the City of Odesa in Ukraine after having agreed to accept whatever it would decide, and presented new defenses on the eve of trial. Furthermore, no evidence has been presented to show that the respondent is unable to pay the award.

In her opposition, the respondent first argues that the award is "clearly inappropriate" because she acted in good faith when removing the children from Ukraine. Karimi relies on Ozaltin for the proposition that her good faith decision should be factored into a consideration of whether fees and costs are appropriate. But her reliance on this law is misplaced. The court in Ozaltin found that a mother's decision to remove her children from their country of habitual residence was in good faith because custody decisions made by that country's courts suggested the mother could move to the United States with the children. Ozaltin, 708 F.3d at 375-76. That has never been the case here. At the time of the children's removal, Ukrainian judicial bodies had granted primary custody to the petitioner. Thus, Karimi did not have primary custody rights when she

10

removed the children from Ukraine, nor did she have the petitioner's permission to bring the children to the United States. Her argument for consideration of her good faith, therefore, fails.

The respondent also argues that a substantial fee and cost award is inappropriate because of the financial disparity between her and the petitioner. While a court may properly consider a party's inability to pay, the respondent has offered no evidence of such an inability. She has provided no financial statements or other evidence of financial hardship, apart from her testimony that she was forced to close her business in Ukraine when the war there began. In fact, during the course of this litigation, ten attorneys have filed appearances on behalf of Karimi. The respondent has not submitted any evidence of fee disputes with her attorneys, and her change of counsel does not suggest an inability to pay. This argument must also fail.

IV. Costs

The petitioner also seeks reimbursement of costs incurred during this litigation. A party may recover costs under 28 U.S.C. § 1920, which provides that

> [a] judge or clerk of any court of the United States may tax as costs the following: (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained

11

for use in the case; (5) [d]ocket fees. . .; and (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920. The petitioner seeks reimbursement for fees of the clerk, fees for transcripts, fees for printing, and compensation for interpreters and translations. The petitioner also seeks reimbursement for administrative fees. The respondent does not object to the reimbursement of these costs. These costs are not unreasonable and, therefore, are awarded to the petitioner.

## Conclusion

The petitioner's March 25, 2024 motion for attorney's fees is granted. Tereshchenko is awarded attorneys' fees and costs in the amount of $253,139.27.

Dated:   New York, New York
         July 9, 2024

_____
DENISE COTE
United States District Judge